UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESUS BERRIOS, as Legal Guardian of Vanessa Rivera,<br><br>           Plaintiff,<br><br>  -against-<br><br>WILLIAM HENRI; JOHN MCLAUGHLIN; ROY CYRIAC; ARUNA AGNI; JOHN/JANE DOE, Head of a Vanessa Rivera's Medical Treatment Team; JOHN/JANE DOE 2, Deputy Director of Inpatient Services; and JOHN/JANE DOE 3, Director of Quality and Risk Management, in their individual capacities,<br><br>           Defendants. | 18 Civ. 4194 (LDH)<br><br>**AMENDED COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff JESUS BERRIOS, as legal guardian of VANESSA RIVERA, by his undersigned attorneys, brings this Amended Complaint against WILLIAM HENRI, then Executive Director of South Beach Psychiatric Center, JOHN MCLAUGHLIN, then Chief of Clinical Services; ROY CYRIAC, a social worker; ARUNA AGNI, a doctor; JOHN/JANE DOE, Head of a Vanessa Rivera's Medical Treatment Team; JOHN/JANE DOE 2, Deputy Director of Inpatient Services; and JOHN/JANE DOE 3, Director of Quality and Risk Management, alleges as follows:

## NATURE OF THE ACTION

1. This is a case about a person with severe mental illness and cognitive disabilities who was the victim of repeated sexual assaults while institutionalized in a facility operated by New York State's Office of Mental Health.

2. With deliberate indifference to Ms. Rivera's health and safety, Defendants, professional and non-professional employees of the facility, allowed her to be raped on at least two occasions by a fellow patient.

3. The first sexual assault occurred on January 29, 2005 and the second occurred on April 22, 2005. The assailant was the same on both occasions, a male patient.

4. Both Plaintiff and Ms. Rivera personally informed Defendants of the assaults shortly after they occurred.

5. However, Defendants willfully failed to take any remedial action and exhibited deliberate indifference to Ms. Rivera's constitutional rights by failing to act on the information.

6. As a result of Defendants' actions and personal involvement, Ms. Rivera suffered the second assault.

## **THE PARTIES**

7. Vanessa Rivera (hereinafter, "Ms. Rivera") is an individual with mental retardation, bipolar disorder, and developmental disabilities, currently residing in Richmond County.

8. Plaintiff Jesus Berrios (hereinafter "Mr. Berrios") is Ms. Rivera's legal guardian and is a resident of Richmond County, New York. Mr. Berrios did not become Ms. Rivera's guardian until July 13, 2018.

9. At all times relevant herein, William Henri was the Executive Director of South Beach Psychiatric Center (hereinafter, "South Beach"), located at 777 Seaview Ave, Staten Island, New York. South Beach is (and was at the time of the events described herein) a New York State run facility under the control of New York State's Office of Mental Health.

10. At all times relevant herein, and upon information and belief, John McLaughlin was the Chief of Clinical Services at South Beach.

11. At all times relevant herein, Roy Cyriac was a social worker at South Beach.

12. At all times relevant herein, Aruna Agni was a doctor at South Beach.

13. At all times relevant herein, John/Jane Doe was the leader of Ms. Rivera's medical treatment team at South Beach.

14. At all times relevant to the defendant's actions and inactions at issue, John/Jane Doe was the Deputy Director for Inpatient Services at South Beach.

15. At all times relevant to the defendant's actions and inactions at issue, John/Jane Doe 3 was the Director for Quality and Risk Management at South Beach.

## JURISDICTION AND VENUE

16. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as a case arising under the Constitution and the laws of the United States.

17. The Court has supplemental jurisdiction over Plaintiff's claim of negligence pursuant to 28 U.S.C. § 1367.

18. Venue is vested in this Court under 28 U.S.C. § 1391(b)(2), as the events and omissions giving rise to the claims occurred in this district.

## STATEMENT OF FACTS

19. Vanessa Rivera has lived in institutional settings for the last two decades, including, *inter alia*, at South Beach Psychiatric Center ("South Beach"). She suffers from mental retardation, and bipolar disorder. Ms. Rivera's mental ability is the equivalent of a child between the ages of five and nine years old.

20. Jesus Berrios is Ms. Rivera's maternal uncle. He is Ms. Rivera's primary family support as both of Ms. Rivera's parents are deceased.

21. On December 28, 2004, Ms. Rivera was transferred to South Beach from another mental health facility because she was determined to be mentally decompensating and had become unmanageable.

22. On or about January 29, 2005, while Ms. Rivera was a resident at South Beach, she was the victim of a sexual assault by a male individual who was also a resident at the facility. The individual entered Ms. Rivera's room, assaulted her, and made her submit to forced sexual intercourse.

23. Then and now, Ms. Rivera's developmental disabilities and mental illness rendered her incapable of consenting to sexual contact.

24. Following this assault, Ms. Rivera was taken to the emergency room. The doctor made a diagnosis of "alleged rape."

25. On or about January 29, 2005, Ms. Rivera told Mr. Berrios that she had been raped.

26. On February 3, 2015, Mr. Berrios wrote a letter to Defendant Henri, among others, informing him about the sexual assault.

27. On or about that same day, Mr. Berrios met with Defendants Cyriac, McLaughlin, Agni, and John/Jane Does to express his concern about the January 29th assault. Mr. Berrios also requested an investigation of the assault and the circumstances leading up to it as he was concerned about Ms. Rivera's safety at South Beach. These Defendants informed Mr. Berrios that "appropriate precautions" were being taken.

28. Upon information and belief, Defendants John/Jane Doe 2 and John/Jane Doe 3, in their respective capacities as Deputy Director of Inpatient Services and Director of Quality and Risk Management were informed of the rape allegations.

29. However, none of the Defendants, despite being directly informed of the first sexual assault, took any action to prevent Ms. Rivera from again being a victim of sexual assault.

30. Upon information and belief, the assailant was not removed from Ms. Rivera's unit and no additional security precautions were taken to shield Ms. Rivera from him.

31. As a result, just four months later, on April 22, 2005, this same male resident entered a bathroom at South Beach occupied by Ms. Rivera and again sexually assaulted her.

32. Ms. Rivera was never referred for medical treatment after the second sexual assault.

33. Ms. Rivera was never referred to a rape counselor for treatment.

34. Ms. Rivera was never referred for legal assistance or counseling after either assault.

35. Moreover, despite Ms. Rivera's mental incapacity and her allegations of sexual violence, medical staff at South Beach, including Defendant Cyriac, stated repeatedly and falsely that Ms. Rivera engaged in consensual sex on those occasions.

36. Because of the assaults, and due to his concern about Ms. Rivera's safety at South Beach, Mr. Berrios filed a petition in Surrogate Court to become Ms. Rivera's legal guardian on March 21, 2006. His petition was rejected in 2007.

37. Ms. Rivera eventually transferred from South Beach to another facility in August 2006.

5

38. As a result of the sexual assaults perpetrated against her, Ms. Rivera suffered serious injuries, including exacerbation of her mental distress and psychiatric illness.

## FIRST CAUSE OF ACTION
### Deprivation of Civil Rights in Violation of 42 U.S.C. § 1983

39. Plaintiff re-alleges each and every paragraph stated above.

40. Defendants acting under color of law deprived Ms. Rivera of her civil rights under the United States Constitution by failing to protect her from repeated acts of sexual assault while institutionalized at a State-run mental health facility.

41. While a resident at South Beach and receiving treatment there, Ms. Rivera had a right to personal security.

42. Defendants had a duty to protect her safety and general well-being, including protecting her from fellow residents at the facility.

43. On January 29, 2005, Ms. Rivera was the victim of a sexual assault, including forcible penetration, by a male resident of South Beach.

44. Ms. Rivera, because of her cognitive disabilities and mental illness, did not have the capacity to consent to sex.

45. Defendants failed to prevent this assault, exhibiting deliberate indifference to Ms. Rivera's health and safety.

46. On April 22, 2005, Ms. Rivera was again the victim of a sexual assault by the same male resident of South Beach.

47. Defendants, acting under color of law, violated Ms. Rivera's civil rights by failing to provide a safe environment for Ms. Rivera and permitting the first sexual assault to occur.

48. Defendants, acting under color of law, then failed to prevent a second sexual assault.

49. Defendants, acting under color of law, failed to take reasonable security measures for the protection of Ms. Rivera and other residents.

50. Defendants failed to protect Ms. Rivera from a known, preventable danger, exhibiting deliberate indifference to Ms. Rivera's health and safety.

51. Defendants failed to take security measures reasonably necessary for the protection of Ms. Rivera and other patients in their bedrooms and bathrooms.

52. Defendants were personally involved in the violation of Ms. Rivera's constitutional rights.

53. Defendants, acting under color of law, knew of the excessive risk of substantial harm and failed to protect her, in violation of Ms. Rivera's rights under the 14th Amendment.

## SECOND CAUSE OF ACTION
### Negligence

54. Plaintiff re-alleges each and every paragraph stated above.

55. Defendants had a duty to protect Ms. Rivera from harm while she was a patient and resident at South Beach.

56. Defendants failed to protect Ms. Rivera from the sexual assault that occurred on January 29, 2005 by permitting a male resident access to her room and the opportunity to rape her.

57. The assault on January 29, 2005 was foreseeable and avoidable through the exercise of due care.

58. Defendants failed to protect Ms. Rivera from the sexual assault that occurred on April 22, 2005 by permitting the same male resident to enter a bathroom in which Ms. Rivera was present and providing him the opportunity to assault her.

59. The assault on April 22, 2005 was foreseeable and avoidable through the exercise of due care.

60. Defendants failed to uphold the proper standard of care to ensure Ms. Rivera's safety and well-being. As a result of the two known sexual assaults, Ms. Rivera suffered physical and mental injuries and severe emotional distress.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment:

1. Awarding Plaintiff money damages in an amount to be determined at trial; and

2. Granting such other and further relief as the Court deems just and proper.

Date:   December 1, 2020
          New York, NY

                                                  Respectfully submitted,

                                                  /s/Michael Tremonte
                                                  Michael Tremonte
                                                  Alexandra Elenowitz-Hess

                                                  SHER TREMONTE LLP
                                                  90 Broad Street, 23rd Floor
                                                  New York, NY  1004
                                                  (212) 202-2600
                                                  mtremonte@shertremonte.com
                                                  ahess@shertemonte.com