STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

April 12, 2021

**By ECF**

Hon. LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Berrios o/b/o Vanessa Rivera v. Henri, et al.*, 18-cv-4194 (LDH)

Dear Judge DeArcy Hall:

The New York State Office of the Attorney General represents defendants William Henri, Aruna Agni, and Roy Cyriac (collectively, "Defendants"),[1] in the above matter. Pursuant to the Court's Individual Rule III.A, Defendants respectfully request a pre-motion conference and permission to file a motion to dismiss the Amended Complaint, (ECF No. 49) ("Am. Compl."), under Federal Rule of Civil Procedure 12.

Defendants further respectfully request that the pre-motion conference and briefing schedule be stayed until after the Court resolves the currently pending order requiring Plaintiff to show cause as to why the Amended Complaint should not be dismissed as time-barred. *See* December 18, 2020 Order & ECF Nos. 48, 52, & 53. If the Court rules that Plaintiff's claims are time-barred, this matter will likely be dismissed in full. For that reason, staying the motion to dismiss until after the order to show cause is resolved might avoid needless litigation.

    A.  **Plaintiff's Claims**

Plaintiff alleges that he is the legal guardian of his niece, Vanessa Rivera, an individual with an intellectual disability. Am. Compl. ¶¶ 7-8. He alleges that on January 29 and April 22, 2005, Ms. Rivera was sexually assaulted by another patient while she was hospitalized at South Beach Psychiatric Center ("SBPC"). *Id.* ¶ 3. Plaintiff first filed this action on July 20, 2018, more than 13 years after the alleged events took place. ECF No. 1.

---

[1] Plaintiff has not filed a proof of service for the fourth named defendant, John McLaughlin, and Mr. McLaughlin does not have a currently pending deadline to respond to the Amended Complaint.

Hon. LaShann DeArcy Hall
April 12, 2021
Page 2

The Amended Complaint asserts causes of action under 42 U.S.C. § 1983 and New York negligence law. Am. Compl. ¶¶ 39-60. Plaintiff's § 1983 claim alleges that Defendants, former SBPC employees, "deprived Ms. Rivera of her civil rights under the United States Constitution by failing to protect her from repeated acts of sexual assault while institutionalized at a State-run mental health facility." *Id*. ¶ 40. Plaintiff alleges that Defendants "failed to provide a safe environment" and "failed to take reasonable security measures for the protection of Ms. Rivera and other residents." *Id*. ¶¶ 47 & 49. The negligence claim asserts that Defendants "failed to uphold the proper standard of care to ensure Ms. Rivera's safety and well-being." *Id*. ¶ 59.

### B. Grounds for the Motion to Dismiss

####    i.    *Plaintiff's Claims are Time-Barred.*

A three-year statute of limitations applies to § 1983 claims brought in New York and to negligence claims under New York state law. *See Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 225 (2d Cir. 2004); C.P.L.R. § 214.6. Plaintiff filed the original complaint in this action on July 20, 2018, over 13 years after the assaults allegedly occurred. He first asserted claims against the Defendants on December 1, 2020, over 15 years after the alleged events. None of the Defendants has worked at SBPC for many years. The statute of limitations is expressly designed to preclude the pursuit of stale actions like this one. *See Order of R.R. Telegraphers v. Ry. Express Agency, Inc.*, 321 U.S. 342, 348–49 (1944) ("Statutes of limitation . . . are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared."); *see also United States v. Kubrick*, 444 U.S. 111, 117 (1979) (statutes of limitations "represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that 'the right to be free of stale claims in time comes to prevail over the right to prosecute them'") (quoting *R.R. Telegraphers*, 321 U.S. at 349). Because they were filed over a decade after the statute of limitations expired, Plaintiff's claims are time-barred.

Moreover, as set forth in more detail in the December 16, 2020 letter filed by the State of New York in response to the Court's order to show cause, there is no basis to toll the statute of limitations. *See* ECF No. 52.

####    ii.    *The § 1983 Claim Fails Because the Amended Complaint Does Not Allege Personal Involvement by the Defendants.*

"To state a § 1983 claim against an individual defendant, a plaintiff must allege sufficient facts to demonstrate that that defendant was personally and knowingly involved in violating his constitutional rights." *Greene v. City of N.Y.*, No. 14-CV-3896 (PAE), 2014 WL 5862008, at *2 (S.D.N.Y. Nov. 11, 2014). Where a complaint "does not explain the role that each defendant played in the allegedly unlawful conduct," it fails to state a claim. *Greene*, 2014 WL 5862008, at *2. Moreover, "supervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on *respondeat superior.*" *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). The Amended Complaint fails to allege any actions personally taken by the Defendants that violated Ms. Rivera's constitutional rights.

Hon. LaShann DeArcy Hall
April 12, 2021
Page 3

As to Henri, the Amended Complaint merely alleges that he was the Executive Director of SBPC during the relevant time period, and that Plaintiff "wrote a letter to Defendant Henri, among others, informing him about the sexual assault." Am. Compl. ¶¶ 9 & 26.

As to Cyriac, the Amended Complaint alleges that he was a social worker at SBPC during the relevant time period, *id*. ¶ 11, and that he attended a meeting with Plaintiff and multiple other individuals on or about February 3, 2005,[2] at which Plaintiff requested an investigation of the alleged assault. *Id*. ¶ 27. Plaintiff alleges that some unnamed defendants at the meeting "informed [Plaintiff] that 'appropriate precautions' were being taken." *Id*. Finally, the Amended Complaint alleges that Cyriac, at some unspecified time and place, "stated repeatedly and falsely that Ms. Rivera engaged in consensual sex on those occasions." *Id*. ¶ 35.

As to Agni, the Amended Complaint alleges only that she was a doctor at SBPC during the relevant time period, *id*. ¶ 12, and that she also attended the February 3, 2005 meeting with Plaintiff. *Id*. ¶ 27.

The Amended Complaint does not allege that Henri, Cyriac, or Agni were personally involved in SBPC's investigation of or response to the alleged incidents. It also does not allege what personal involvement they had, if any, in the alleged failure by SBPC to maintain a safe environment. For this reason, the Amended Complaint fails to state a claim for relief under § 1983 against Henri, Cyriac, and Agni.

      iii.    *The Court Should Decline to Exercise Supplemental Jurisdiction Over the State Law Claim.*

To the extent that any part of Plaintiff's state law negligence claim survives, the Court should decline to exercise supplemental jurisdiction over that claim. *See Espinosa v. Nassau Cty. Corr. Ctr.*, No. 20-CV-00223(GRB)(VMS), 2021 WL 826168, at *4 (E.D.N.Y. Mar. 3, 2021) ("Having dismissed plaintiff's Section 1983 claims—the only federal cause of action—the Court finds that concerns for judicial economy, convenience, fairness and comity weigh against retaining supplemental jurisdiction over the remaining state law negligence claim.").

                                                              Respectfully submitted,

                                                              /s/ Owen T. Conroy
                                                              Owen T. Conroy
                                                             Assistant Attorney General

cc: All counsel of record (via ECF)

---

[2] The Amended Complaint alleges that the meeting occurred on February 3, 2015, but this appears to be a typo.