UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JESUS BERRIOS, as Legal Guardian of Vanessa Rivera,

                              Plaintiff,

v.

WILLIAM HENRI; JOHN MCLAUGHLIN; ROY CYRIAC; ARUNA AGNI; JOHN/JANE DOE, Head of a Vanessa Rivera's Medical Treatment Team; JOHN/JANE DOE 2, Deputy Director of Inpatient Services; and JOHN/JANE DOE 3, Director of Quality and Risk Management, in their individual capacities,

                              Defendants.

**MEMORANDUM AND ORDER**

18-CV-4194 (LDH)(JRC)

---

LaSHANN DeARCY HALL, United States District Judge:

      Jesus Berrios ("Plaintiff") brings the instant action against William Henri, John McLaughlin, Roy Cyriac, Aruna Agni, John/Jane Doe, John/Jane Doe 2, and John/Jane Doe 3 ("Defendants"), asserting claims on behalf of Vanessa Rivera for violation of her Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 and state law negligence.  By orders dated January 10, 2020, and December 18, 2020, the Court directed Plaintiff to show cause as to why Plaintiff's claims should not be dismissed as time barred.

BACKGROUND

**I.     Factual Background[1]**

      Plaintiff is the maternal uncle of Vanessa Rivera, who suffers from mild intellectual disability, bipolar disorder, and developmental disabilities.  (Am. Compl. ¶¶ 7, 19, 20, ECF No.

---

[1] The following facts are taken from the amended complaint and are assumed to be true for the purpose of this memorandum and order.

49.) From December 2004 until August 2006, Ms. Rivera was a resident at South Beach Psychiatric Center ("South Beach"), a New York State-run facility under the control of New York State's Office of Mental Health. (*Id.* ¶¶ 9, 21, 37.) During that time, each of the Defendants was employed by South Beach—William Henri as Executive Director, John McLaughlin as Chief of Clinical Services, Roy Cyriac as a social worker, Aruna Agni as a doctor, John/Jane Doe as the leader of Ms. Rivera's medical treatment team, John/Jane Doe 2 as the Director of Inpatient Services, and John/Jane Doe 3 as the Director for Quality and Risk Management. (*Id.* ¶¶ 9–15.) According to the amended complaint, on or about January 29, 2005, Ms. Rivera was sexually assaulted in her room by a male resident of the facility. (*Id.* ¶ 22.) On February 3, 2015, Plaintiff informed Defendants Henri, Cyriac, McLaughlin, Agni, and John/Jane Doe of the assault and was informed that appropriate precautions were being taken. (*Id.* ¶¶ 26, 27.) Plaintiff alleges, upon information and belief, that Defendants John/Jane Doe 2 and John/Jane Doe 3 were informed of the assault by others. (*Id.* ¶ 28.) On April 22, 2005, Ms. Rivera was again sexually assaulted by the same assailant, this time in a South Beach bathroom. (*Id.* ¶ 31.) Plaintiff alleges that following the first assault, Defendants failed to take any action to protect Ms. Rivera from the second assault, and that medical staff at South Beach, including Defendant Cyriac, maintained that the alleged sexual activity was consensual. (*Id.* ¶¶ 29, 30, 35.)

**II.     Procedural Background**

Plaintiff filed a petition in the New York State Surrogate Court on March 21, 2006, requesting that he be deemed Ms. Rivera's legal guardian. (*See* Am. Compl. ¶ 36; Declaration of Jesus Berrios ("Berrios Decl.") ¶ 8, ECF No. 48-1; Pl.'s Response to First Order to Show Cause ("Pl.'s Ltr."), Ex. A (copy of guardianship petition), ECF No. 48-2.) Ms. Rivera, through her

2

attorneys at Mental Hygiene Legal Service ("MHLS"), moved to dismiss Plaintiff's guardianship petition. (Pl.'s Ltr., Ex. B, ECF No. 48-3.) The motion was granted in 2007, and the decision was affirmed by the Appellate Division. (*Id.*; *see also* Am. Compl. ¶ 36; Berrios Decl. ¶ 8, ECF No. 48-1.) On May 21, 2009, Plaintiff, purportedly on behalf of Ms. Rivera, filed a complaint in the Eastern District of New York, alleging, *inter alia*, that Ms. Rivera was the victim of the same assaults alleged here. *See* Complaint ¶ 64, *Berrios v. State of New York, et al.*, 09-cv-2236 (E.D.N.Y. May 29, 2009), ECF No. 1. Plaintiff made identical allegations in two additional federal actions filed in 2010 and 2014. *See* Complaint ¶ 18, *Berrios v. State of New York, et al.*, 10-cv-2897 (E.D.N.Y. June 21, 2010), ECF No. 1; Amended Complaint ¶ 18, *Rivera v. State of New York, et al.*, 14-cv-7160 (E.D.N.Y. Mar. 5, 2015), ECF No 6. Each case was dismissed because Plaintiff was not Ms. Rivera's guardian, and, as a non-attorney, was not permitted to proceed *pro se* on Ms. Rivera's behalf. *See Berrios v. State of New York, et al.*, 09-cv-2236 (E.D.N.Y. July 27, 2009) (Dearie, J.), ECF No. 7; *Berrios v. State of New York, et al.*, 10-cv-2897 (E.D.N.Y. Feb. 14, 2011) (Dearie, J.), ECF No. 6; *Rivera v. State of New York, et al.*, 14-cv-7160 (E.D.N.Y. Apr. 8, 2015) (Chen, J.), ECF No. 7.

On March 23, 2018, Plaintiff reapplied for guardianship of Ms. Rivera and was appointed limited guardianship on July 13, 2018. (Am. Compl. ¶ 8; *see also* Pl.'s Ltr. at 3, ECF No. 48; Berrios Decl. ¶ 2, ECF No. 48-1.) As part of the Surrogate Court's order, Petitioner was explicitly given the power to "explore legal recourse with regard to any past injuries allegedly sustained by Vanessa Rivera, and [granted] the authority to commence litigation for those matters on behalf of Vanessa Rivera." (Pl.'s Ltr. at 3.)

On July 20, 2018, Plaintiff commenced the instant action, asserting 29 claims against various defendants. (*See generally*, Compl., ECF No. 1.) Plaintiff additionally moved to appoint

3

counsel. (Mot. to Appoint Counsel, ECF No. 3.) On December 12, 2018, Judge Chen dismissed the complaint with prejudice, finding that the claims were time barred. (Oral Arg. Tr., at 12:10–18, ECF No. 32.) Plaintiff subsequently appealed and, on July 1, 2019, the Second Circuit vacated the judgment of the district court.[2] (Order of USCA, at 1, ECF No. 33.) The Second Circuit remanded for further proceedings and directed the court to appoint Plaintiff an attorney and allow the attorney the opportunity to present the case. (*Id.*) Consistent with the Second Circuit's mandate, Judge Chen appointed counsel for Plaintiff on January 6, 2020. Two days later, on January 8, 2020, the instant action was transferred from Judge Chen to this Court.

On January 10, 2020, the Court ordered Plaintiff to show cause as to why the original complaint should not be dismissed as time barred. On December 1, 2020, Plaintiff, with leave of Court, filed an amended complaint, asserting two causes of action—a § 1983 claim and a negligence claim —against Defendants, none of whom were named in the original complaint.[3] (*See* Am. Compl. ¶¶ 39–60.). On December 18, 2020, the Court directed Plaintiff to show cause as to why the amended complaint should not be dismissed as time barred.[4]

---

[2] Citing *Berrios v. New York City Housing Authority*, 564 F.3d 130 (2d Cir. 2009), the Second Circuit held that a court may not make a merits determination of claims filed on behalf of a minor or incompetent person who is not properly represented. (Order of USCA, at 1.) In *Berrios v. New York City Housing Authority*, the Second Circuit held that because Jesus Berrios was not an attorney, he could not represent his allegedly incompetent nephew. *Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 135 (2d Cir. 2009) ("The fact that a minor or incompetent person must be represented by a next friend, guardian ad litem, or other fiduciary does not alter the principle embodied in § 1654 that a non-attorney is not allowed to represent another individual in federal court litigation without the assistance of counsel. If the representative of the minor or incompetent person is not himself an attorney, he must be represented by an attorney in order to conduct the litigation.").

[3] The original complaint named The State of New York, The City of New York, NYC Health and Hospitals Corporation, The Richmond County District Attorney, Bayley Seton Hospital, New York Lawyers for the Public Interest, and Battiste, Aronowski, and Suchow, Inc. as defendants. The amended complaint is brought against entirely new defendants—William Henri, John McLaughlin, Roy Cyriac, Aruna Agni, John/Jane Doe, John/Jane Doe 2, and John/Jane Doe 3.

[4] On the same day that he filed the amended complaint, Plaintiff, now represented by counsel, responded to the order to show cause as to why the initial, non-operative, complaint was not time barred. (*See* Pl.'s Ltr.) Defendants filed a response on December 16, 2020, setting forth their arguments as to why Plaintiff's claims are untimely. (*See* Defs.' Ltr., ECF No. 52.) On December 21, 2020, after the Court issued the second show cause order, Plaintiff requested that the Court incorporate his response to the first show cause order as his response to the second and

## DISCUSSION

A district court has the power to dismiss a complaint *sua sponte* on statute of limitations grounds where "the facts supporting a statute of limitations defense are set forth in the papers plaintiff himself submitted." *See Leonhard v. United States*, 633 F.2d 599, 609, n.11 (2d Cir. 1980). Section 1983 claims are subject to a three-year statute of limitations. *Pauk v. Bd. of Trs. of City Univ. of New York*, 654 F.2d 856, 866 (2d Cir. 1981) (holding that three-year statute of limitations period applies to § 1983 claims in New York). Here, the initial complaint was filed on July 20, 2018, over 13 years after the alleged assaults occurred and nearly 12 years after Ms. Rivera left South Beach. (Am. Compl. ¶¶ 37, 43, 46; *see also* Compl.) The amended complaint was filed more than two years after that, and more than 15 years after Ms. Rivera left South Beach. (*See* Am. Compl.) Thus, the facts set forth in the amended complaint support a statute of limitations defense. Plaintiff contends that the action should be deemed timely under the doctrine of equitable tolling. (*See* Pl.'s Ltr. at 3–6; Pl.'s Suppl. Ltr. at 1–2.) The Court disagrees.

Equitable tolling is not an exemption from the statute of limitations, but a mechanism to suspend the limitations period for a discrete amount of time. *See Haekal v. Refco*, 198 F.3d 37, 43 (2d Cir. 1999) ("When equitable tolling is applied, the limitations period is deemed interrupted; when the tolling condition or event has ended, the claimant is allowed the remainder of the limitations period in which to file his action."). Notably, equitable tolling is appropriate only in "rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising [her] rights." *Zerilli–Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74, 80

---

raised additional tolling arguments concerning the time period during which the instant action was pending. (*See* Pl.'s Suppl. Ltr., ECF No. 53.)

5

(2d Cir. 2003) (internal quotation marks omitted).  For equitable tolling to apply, the Court must determine that Plaintiff: "(1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli–Edelglass*, 333 F.3d. at 80–81 (internal quotation marks omitted).  Equitable tolling is typically available when a plaintiff: (1) actively pursues his legal remedies but files a defective pleading within the limitations period; (2) was unaware of the existence of his cause of action due to a defendant's misconduct, or (3) suffered from a medical or mental impairment that prevented her from timely pursuing legal claims.  *See id*. (collecting cases).  "The burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff." *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000).

"In § 1983 actions filed in New York, 'federal courts [are] obligated not only to apply the analogous New York statute of limitations to . . . federal constitutional claims, but also to apply the New York rule for tolling that statute of limitations.'" *Leon v. Murphy*, 988 F.2d 303, 310 (2d Cir. 1993) (citation omitted).  New York law provides for tolling under certain circumstances, including where a person "is under a disability because of . . . insanity at the time the cause of action accrues[.]"  N.Y. C.P.L.R. § 208(a).  New York law also authorizes the use of the equitable estoppel doctrine to toll a statute of limitations "when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action." *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) (quoting *Doe v. Holy See (State of Vatican City)*, 17 A.D.3d 793, 793 (N.Y. App. Div. 2005)).

Plaintiff contends that the statute of limitations should be tolled under New York Civil Procedure Law and Rules ("CPLR") § 208 based on Ms. Rivera's psychological diagnosis of mild intellectual disability, bipolar disorder, and limited cognitive ability.  (Pl.'s Ltr. at 1, 4.)

6

This argument is unavailing because it does not comport with the controlling New York state mental illness tolling rules. "Although federal law determines when a section 1983 claim accrues, state tolling rules determine whether the limitations period has been tolled, unless state tolling rules would defeat the goals of section 1983." *Abbas v. Dixon,* 480 F.3d 636, 641 (2d Cir. 2007) (internal quotation marks omitted). In New York, the statute of limitations period may be extended if the claimant "is under a disability because of infancy or insanity at the time the cause of action accrues." C.P.L.R. § 208(a). But "[t]he time within which the action must be commenced shall not be extended by this provision beyond ten years after the cause of action accrues." C.P.L.R. § 208(a).

As a threshold matter, this court finds, as other courts in this circuit have, that this tolling provision does not "defeat the goals of section 1983." *Inesti v. Hagan*, No. 11 CIV. 2596, 2012 WL 3822224, at *4 (S.D.N.Y. Sept. 4, 2012); *see also Abbas*, 480 F.3d at 641 (applying New York tolling rules to § 1983 claim); *Shonowsky v. City of Norwich*, No. 3:10-CV-0745, 2011 WL 4344028, at *3 (N.D.N.Y. Apr. 18, 2011) (finding CPLR § 208 not to be inconsistent with the federal policy underlying § 1983), *report and recommendation adopted*, No. 3:10-CV-745, 2011 WL 4344039 (N.D.N.Y. Sept. 14, 2011). Furthermore, the Court need not make a determination as to whether Ms. Rivera's condition warrants the application of § 208's "insanity" tolling provision, because even assuming that tolling under § 208 applies, this action is untimely. Ms. Rivera's claims could, at most, be tolled for ten years from August 28, 2006, when she left South Beach, to August 28, 2016. This action was not filed until July 20, 2018, over a year and a half after the ten-year extended limitations period would have expired.[5] Thus, equitable tolling on

---

[5] Furthermore, Defendants were not named until the December 1, 2020 filing of the amended complaint, over three and half years after § 208's 10-year limitations period would have expired.

7

the basis of Plaintiff's alleged mental impairments cannot not save this action from being time barred.

Next, Plaintiff argues that Defendant's alleged failure "to provide Ms. Rivera with legal counseling or assistance regarding her potential claims against [South Beach] and its staff" is somehow a basis for equitable tolling. (Pl.'s Ltr. at 5.) Plaintiff does not cite to authority to support this contention. In any event, this argument is unpersuasive. Consistent with New York Mental Hygiene Law, Ms. Rivera was represented by and had access to counsel from MHLS during the period she resided at South Beach. *See* N.Y. Mental Hyg. Law § 47.01. Indeed, MHLS attorneys represented Ms. Rivera in her opposition to Plaintiff's 2006 guardianship petition. *See In re Vanessa R.*, 873 N.Y.S.2d 491 (App. Div. 2009) (dismissing appeal of surrogate court's denial of guardianship petition). Moreover, there are no allegations that Defendants interfered with Ms. Rivera's ability to seek legal advice from her MHLS attorneys about her potential claims in the instant case or that they concealed the claims from her. *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011) (equitable tolling may be appropriate "if the defendant concealed from the plaintiff the existence of the cause of action"). And, Plaintiff does not allege that Defendants somehow prevented Plaintiff from retaining private counsel to advise Ms. Rivera of her potential claims. *Cf. Abbas*, 480 F.3d at 642 ("[If] a plaintiff cannot 'articulate[ ] any acts by defendants that prevented [him] from timely commencing suit' then he has 'failed to meet [his] burden of showing that [he was] wrongfully induced by defendants not to commence suit'" (citing *Doe v. Holy See (State of Vatican City)*, 17 A.D.3d 793, 794 (N.Y. App. Div. 2005))). Accordingly, there is no basis for the Court to find that Plaintiff's § 1983 claim should be tolled on account of any alleged misconduct by Defendants. In any event, even if there was some basis for tolling the statute of

8

limitations through August 28, 2006, the last date on which Defendants would have been in a position to provide Ms. Rivera with legal counseling or assistance, the instant action would nevertheless be untimely. *Cf. Pearl v. City of Long Beach*, 296 F.3d 76, 83–84 (2d Cir. 2002) ("Whether concealment of a cause of action postpones accrual of a cause of action . . .[or] is an example of equitable estoppel, [and is therefore] one of the state 'tolling rules' we are to borrow in section 1983 actions . . . the analysis of [plaintiff's] claims is unaffected, because . . . his current claims are barred whether the issue is viewed as one of delayed accrual or tolling.").

Finally, Plaintiff argues that the statute of limitations should be equitably tolled because South Beach declined to support his 2006 guardianship petition, which Plaintiff insists "thwarted" his goal of filing of a lawsuit. (Pl.'s Ltr. at 5–6.) The Court disagrees. To be sure, South Beach declined to support Plaintiff's 2006 petition. (Defs.' Ltr. at 3, 7–8.) However, Plaintiff was free to file a new petition any time after the first guardianship petition was dismissed without prejudice. By August 28, 2006, Ms. Rivera was no longer under Defendants' care, and Defendants were therefore no longer in any position to "thwart" a subsequent petition. (Defs.' Ltr. at 8.) Yet, as Defendants note, Plaintiff inexplicably waited 11 and a half years to file a new petition, a self-imposed delay that Judge Chen rightly found was not "sufficient justification for . . . tolling the statute of limitations that clearly apply to bar [Plaintiff's] various claims . . . ." (Defs.' Ltr. at 8 (quoting Oral Arg. Tr. at 11).) Moreover, Plaintiff did not need to wait for the outcome of the guardianship proceeding to assist Ms. Rivera in commencing this action. At any time before the expiration of the statute of limitations, Plaintiff could have helped

9

Ms. Rivera retain representation to file a timely lawsuit on her own behalf.  He chose not to do so.  Plaintiff's § 1983 claim must be dismissed with prejudice as time barred.[6]

\*   \*   \*

Having dismissed Plaintiff's federal law claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law negligence claim.  That said, if the Court chose to exercise supplemental jurisdiction, the negligence claim would likely also be dismissed as time barred.

## CONCLUSION

For the foregoing reasons, Plaintiff's amended complaint is DISMISSED in its entirety.

SO ORDERED.

Dated: Brooklyn, New York  
      December 30, 2021

/s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge

---

[6] Because the Court has determined that the statute of limitations expired before the July 20, 2018 initiation of the instant action, the Court need not entertain Plaintiff's tolling arguments concerning the time between July 20, 2018 and the December 1, 2020 filing of the amended complaint.  (*See generally*, Pl.'s Suppl. Ltr.)